IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Lynette Denise Metze, | ) | C/A 3:04-1480-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| -versus- | ) | |
| | ) | |
| Investigator Jackie Kight, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff filed an action in this court on May 11, 2004, alleging violations of her rights under the Fourth and Fourteenth Amendments to the United States Constitution, as well as state law claims of false arrest and malicious prosecution. Defendant filed a motion for summary judgment on June 2, 2005, to which Plaintiff responded on July 12, 2005. For the reasons set forth below, Defendant's motion for summary judgment is **granted**.

**I. Background**

Taken in the light most favorable to Plaintiff, the facts are that in early October, 1999, Plaintiff filed a report of a stolen vehicle with the Richland County Sheriff's Department.[1] Plaintiff indicated in the incident report, and continues to assert, that the automobile belonged to her mother, and that it was stolen by an acquaintance, Danny Thompson (Thompson). On October 9, Thompson, who had been arrested on unrelated charges, gave a statement to law enforcement indicating Plaintiff had participated in the "theft" of the vehicle. In his statement to police, Thompson alleged Plaintiff had been three months behind in the payments on the vehicle and had asked Thompson and an

---

[1]There appears to be some confusion about the date Plaintiff filed the report. Plaintiff's complaint indicates she filed the report on October 11, 1999. However, Defendant's records show that Plaintiff filed the report on October 7, 1999, and that October 11 is the date Plaintiff provided a written statement to Defendant.

associate to get rid of the car. Based on Thompson's statement, Defendant met with Plaintiff on October 11, 1999. Plaintiff denied any involvement in the disappearance of the vehicle and agreed to take a polygraph examination the following day. However, Plaintiff changed her mind and thereafter declined to participate in a polygraph examination.

Based upon Thompson's statement and additional information Defendant gathered during the course of her investigation, Defendant sought two warrants for Plaintiff's arrest, one for submitting false information to a law enforcement agency and the other for criminal conspiracy. Plaintiff was arrested November 18, 1999. The charges were subsequently dismissed on May 11, 2001. On May 11, 2004, Plaintiff filed the instant action.

## II. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

In deciding a summary judgment motion, the court must look beyond the pleadings and determine whether there is a genuine need for trial. *Matsushita Electric Industrial Co., Ltd. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986). If the defendant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. An issue of fact concerns "material" facts only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

### III. Discussion

#### A. Constitutional Claims

Plaintiff claims Defendant violated her Fourth and Fourteenth Amendment rights to be free from "illegal and unreasonable search and seizure" and that she was denied due process of law because the warrants for her arrest were issued without probable cause.

The Fourth Amendment requires that no warrant shall issue without probable cause. Probable cause means that, in light of the totality of the circumstances, an officer investigating a crime believes there to be a fair probability that the individual sought committed a crime. An arrest warrant is issued not on the officer's finding of probable cause, but rather by a magistrate after a

neutral and detached determination of the existence of probable cause. *See Johnson v. United States*, 333 U.S. 10, 13-14 (1948) ("The point of the Fourth Amendment . . . consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.").

"It is well-established that a false or misleading statement in a warrant affidavit does not constitute a Fourth Amendment violation unless the statement is 'necessary to the finding of probable cause.'" *Wilkes v.* Young, 28 F.3d 1362, 1365 (4th Cir. 1994) (quoting *Franks v. Delaware*, 438 U.S. 154, 156 (1978)). The party challenging the warrant must "make a substantial preliminary showing that a false statement knowingly or intentionally, or with reckless disregard of the truth, was included by the affiant in the warrant affidavit." *Franks*, 438 U.S. at 156. "There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Id*. at 171.

In the instant case, Defendant submits an affidavit stating her belief that probable cause existed for the issuance of the warrants based upon information obtained during the course of her investigation, including Thompson's statement, Plaintiff's unwillingness to cooperate in Defendant's investigation of the incident, information obtained from the lienholder on the vehicle indicating the car was in the process of being repossessed, and discussions with two separate assistant state solicitors. *See* Aff. Jackie Slicer at 2-4, filed June 2, 2005.[2]  Plaintiff provides no proof, but simply asserts in her complaint and again in her Response to the Motion for Summary Judgment that Defendant "lied" in the affidavits presented to the magistrate regarding the ownership of the vehicle,

---

[2] At the time of the incident, Defendant was known as "Jackie Kight."

4

*see* Memo. in Opposition to M. for Summ. J. at 2, filed July 12, 2005, and that these statements were "material to a determination of probable cause for the warrants . . . ." *Id.*[3]

Plaintiff cannot prevail on this point. Neither of the crimes with which Plaintiff was charged depended upon Plaintiff's actual ownership of the vehicle. *See* S.C. Code Ann. §§ 16-17-410 (conspiracy) and 16-17-725(B) (false complaint to law enforcement). Because Plaintiff has failed to show Defendant violated her Fourth Amendment rights or denied Plaintiff due process of law under the Fourteenth Amendment, Plaintiff's cause of action for violation of her constitutional rights fails.[4]

**B. False Arrest**

Plaintiff also cannot prevail on her claim of false arrest because "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (citing *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996)). Plaintiff has made no showing that the warrants were not facially valid. Plaintiff again asserts Defendant lied to obtain the warrants "to have the Plaintiff arrested on the false and outrageous charges of giving false information to a law enforcement officer and conspiring to file a false motor vehicle report." Pl.'s Compl. at 3, ¶ 11, filed May 11, 2004. This, however, is

---

[3]The court notes that although Plaintiff testified in her deposition that the vehicle belonged to her mother, *see*, *e.g.*, Depo. Lynette Denise Metze at 15-16, Plaintiff not only repeatedly refers to the vehicle as "my car," but she also does not correct defense counsel's recurring characterization of the vehicle as belonging to her. *See id.* at 15-16 ("it was *mine*, you know . . . and she [her mother] doesn't drive"), 24 ("the night before he stole *my* car"), and 57 ("when he stole *my* car," and "the day he left in *my* car").

[4]Attached to Plaintiff's response to the motion for summary judgment is a purported billing statement from what appears to be the lienholder on the vehicle. However, this "statement" appears to be an unsuccessful attempt to perhaps download a form from a computer program or the internet. The court cannot rely on this piece of information as it is virtually void of any indicia of reliability.

more appropriately addressed under the purported Fourth Amendment violation, addressed above. Defendant's motion for summary judgment on the claim for false arrest is therefore **granted**.

### C. Malicious Prosecution

In South Carolina, there are six elements which must be proven in a malicious prosecution case: "(1) institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance of, the defendants; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) lack of probable cause; and (6) resulting injury or damage." *Jordan v. Deese*, 452 S.E.2d 838, 839 (S.C.1995). South Carolina law defines malice as "the deliberate intentional doing of a wrongful act without just cause or excuse." *Eaves v. Broad River Elec. Co-op., Inc.*, 289 S.E. 2d 414, 416 (S.C. 1982) (quoting *Margolis v. Telech*, 122 S.E.2d 417 (S.C. 1961).[5]

Plaintiff cannot establish this cause of action because she cannot show lack of probable cause (discussed above). Defendant's motion for summary judgment as to this cause of action is therefore **granted**.

## V. Conclusion

IT IS THEREFORE ORDERED that Defendant's motion for summary judgment is **granted** and this action is dismissed with prejudice.

**IT IS SO ORDERED**.

---

[5] A finding of malice would be important to Plaintiff's claim because an action against Defendant individually would be barred under the South Carolina Tort Claims Act absent malice on Defendant's part. *See* S.C. Code Ann. § 15-78-70(b).

                                           s/ Cameron McGowan Currie
                                           CAMERON McGOWAN CURRIE
                                           UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 19, 2005

C:\temp\notesB0AA3C\04-1480 Metze v. Kight e gr m sumjgm.wpd